**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| EXRO TECHNOLOGIES, INC., | **C.A. No. 1:22-cv-10344 MPK** |
| *Plaintiff*, | |
| v. | |
| EPROPELLED, INC., | |
| *Defendant*. | |

**MEMORANDUM OF LAW OF PLAINTIFF EXRO TECHNOLOGIES, INC.
IN SUPPORT OF ITS MOTION FOR REMAND TO THE
MASSACHUSETTS SUPERIOR COURT**

COZEN O'CONNOR
Wendy K. Venoit, Esq.
101 Arch Street, 8th Floor
Boston, Massachusetts 02110
Tel. (617) 849-5002
wvenoit@cozen.com

*Attorneys for Plaintiff, Exro Technologies, Inc.*

Plaintiff Exro Technologies, Inc. ("Exro") respectfully requests that this Court remand this action to the Massachusetts Superior Court where Plaintiff originally instituted this action. Exro brought this case against defendant, ePropelled, Inc. ("ePropelled"), a Massachusetts-based technology company, to seek redress for ePropelled's false and disparaging public statements about Exro. This action, which asserts claims for defamation and violation of Mass. Gen. Laws ch. 93A (the "Defamation Action"), belongs in Massachusetts Superior Court, where it was filed and where defendant, ePropelled, has its principal place of business.

ePropelled makes two arguments in support of removal, but both fail. *First,* ePropelled relies on the diversity jurisdiction statute, 28 U.S.C. § 1441(b), but ignores that by the statute's own terms, that ground for removal is unavailable where "any of the … defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This exception to removal based on diversity jurisdiction is known as the "Forum Defendant Rule" and ePropelled's own papers establish that it applies here to bar removal. ePropelled concedes in its Notice of Removal that is a citizen of Massachusetts because it has its principal place of business in Lowell. (Notice, D.E. #1, at ¶ 18(a)). As a result, the Forum Defendant Rule precludes removal on diversity grounds.

*Second,* ePropelled attempts to rely on the doctrine of supplemental jurisdiction to bootstrap this defamation action into a completely different, unrelated patent litigation that is now pending before this Court. Supplemental jurisdiction cannot serve as an independent source of removal authority where, as here, original jurisdiction does not exist. In any event, even if supplemental jurisdiction was a viable ground for removal, ePropelled fails to establish that the factual basis of this action—which arises out of ePropelled's false statements in a press release accusing Exro of failing to respond to a demand letter—is so related to a patent infringement

lawsuit concerning Exro's technology such that those cases form part of the same case or controversy.

ePropelled has failed to assert valid grounds for removal under 28 U.S.C. § 1441 and, as a result, this case should be remanded to Massachusetts Superior Court.

## **FACTUAL BACKGROUND**

Exro commenced this action against ePropelled in the Massachusetts Superior Court for Middlesex County, Lowell Division, on February 15, 2022. This action arises out of a series of press releases in which ePropelled falsely and disparagingly described ePropelled's communications with Exro. The Defamation Action asserts two counts against ePropelled: (1) defamation under Massachusetts state law; and (2) violation of Massachusetts's consumer protection statute, Mass. Gen. Laws c. 93A. (Notice, at Exhibit "A").

Previous to that filing, ePropelled filed a separate action against Exro on January 21, 2022, in this Court, asserting a single count of patent infringement (the "Patent Action"). (*See* Notice, at Exhibit "C"). The factual basis for the Patent Action, as alleged by ePropelled, is that similarities exist between a patent it holds and Exro's technology that, in ePropelled's view, amounts to patent infringement. (*See id.* at ¶ 12). Resolution of the Patent Action will not affect the claims and defenses in the Defamation Action because the Defamation Action does not concern the validity of ePropelled's patent or infringement thereof by Exro's technology, but rather, turns on the truth or falsity of statements made by ePropelled in the press.

On March 4, 2022, ePropelled filed its Notice of Removal, which seeks to remove the Defamation Action to federal court and consolidate it with the Patent Action. Because neither of ePropelled's stated bases for removal are proper, this case should be remanded to Massachusetts state court.

**ARGUMENT**

I. **The Forum Defendant Rule Precludes Removal Based On Diversity Of Citizenship.**

ePropelled's reliance on diversity jurisdiction as grounds for removal, pursuant to 28 U.S.C. § 1441(b), ignores the clear restriction set forth in Section 1441(b)(2), also known as the Forum Defendant Rule.  Under the Forum Defendant Rule, "removal based on diversity jurisdiction is not permissible 'if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Rizzi v. 178 Lowell Street Operating Co., LLC*, 180 F. Supp.3d 66, 68 (D. Mass. 2016) (quoting 28 U.S.C. § 1441(b)(2)); *see also DaSilva v. Germany*, 514 F. Supp. 3d 393, 397 (D. Mass. 2021) (same).  For purposes of diversity jurisdiction, "[a] corporation's citizenship … is both the state where it is incorporated and the state 'where it has its principal place of business.'" *Celli v. Greenwich Ins. Co.*, 478 F. Supp. 3d 93, 95–96 (D. Mass. 2020) (citing 28 U.S.C. § 1332 (c)(1)).

Here, ePropelled's attempt to remove this action on the basis of diversity jurisdiction (*see* Notice, at 1) fails because ePropelled concedes that it is a citizen of the Commonwealth of Massachusetts.  In its Notice, ePropelled states that it is

> a "foreign corporation organized under the laws of the State of Delaware, with a principal place of business located at 116 John St., Suite 205, Lowell, Massachusetts 01852."

(Notice, at ¶ 18) (internal citations omitted).

By ePropelled's own admission, then, the Forum Defendant Rule bars removal of this action on the grounds of diversity jurisdiction, and that should end the inquiry.  *See*, *e.g.*, *Rizzi*, 180 F. Supp. 3d at 68; *DaSilva*, 514 F. Supp. 3d at 397.

## II. The Doctrine of Supplemental Jurisdiction Does Not Provide The Proper Grounds For Removal.

### A. Supplemental Jurisdiction Is Not An Independent Basis for Removal.

ePropelled's alternative ground for removal, attempting to anchor the unrelated state law claims asserted in the Defamation Action to the Patent Action under the doctrine of supplemental jurisdiction codified at 28 U.S.C. § 1367 (Notice, at ¶ 19), is also unavailing.

Supplemental jurisdiction is not a source of original jurisdiction for a federal court and therefore it is not a valid independent ground for removal. *See*, *e.g.*, *In re Pharm. Indus. Average Wholesale Price*, 509 F. Supp. 2d 82, 92-93 (D. Mass. 2007) ("[b]ecause supplemental jurisdiction is not a basis for removal, these cases should be remanded to their respective state courts."); *see also Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34, 123 S. Ct. 366 (2002) ("[a]ncillary jurisdiction . . . cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441."); *Rainey v. Bd. Of Ed. Of Rich Twp. High School Dist. 227*, 2011 WL 741039, at *2 (N.D. Ill. Feb. 24, 2011) (noting that court decisions "appear unanimously to reject the premise [that § 1367 allows a court in Lawsuit #2 to exercise supplemental jurisdiction over state law claims forming part of the same case and controversy as federal claims in Lawsuit #1], holding that § 1367 is properly invoked only where the claims allegedly subject to supplemental jurisdiction are brought in the same case as a claim subject to original jurisdiction," and citing cases). The Supreme Court has made clear that supplemental jurisdiction is appropriate only where a source of federal jurisdiction exists in *that action* (i.e., over other counts in the same lawsuit, and not over a separate lawsuit); and only upon satisfaction of that original jurisdiction may supplemental jurisdiction over non-federal claims in *that same action* be considered. *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559, 125 S.Ct. 2611 (2005) ("If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction

4

over a 'civil action' [and o]nce the court determines it has original jurisdiction over the civil action, it can turn to the question whether it has a constitutional and statutory basis for exercising supplemental jurisdiction over the other claims *in the action*.") (emphasis added).

Removal is only proper, therefore, if the Defamation Action *itself* contains a source of original federal jurisdiction, *without looking to any other case*. Here, that original jurisdiction does not exist in the Defamation Action and ePropelled does not, because it cannot, assert that original federal jurisdiction exists there. Indeed, there is no federal question in the Defamation Action (only state law claims are alleged) and there is no possibility for diversity citizenship given the Forum Defendant Rule discussed above. The law is clear that absent the original jurisdiction hook, supplemental jurisdiction alone cannot be the sole source of removal authority.

In fact, federal practice authorities have specifically warned against the exact misapplication of 28 U.S.C. § 1367 that ePropelled advocates here:

> [A] defendant may not base a Section 1441(a) removal on the supplemental jurisdiction statute, 28 U.S.C. § 1367. That is, supplemental jurisdiction under Section 1367 is not a source of subject-matter jurisdiction for federal question purposes. Defendants sometimes will assert that a pending federal action that shares a common nucleus of operative fact with the state lawsuit that defendants seek to remove can furnish an anchor claim under Section 1367(a), and thus enable removal of a separate suit under Sections 1441(a) and (b). This is a misreading of Section 1367, which authorizes supplemental jurisdiction over claims that are ***within the same civil action*** as a federal question claim (or over claims that are within the same civil action as a claim satisfying 28 U.S.C. § 1332, the statute conferring diversity jurisdiction), and those claims alone.

4 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3722 (4th ed.) (emphasis added).

### B. The Defamation Action And Patent Action Do Not Form The Same Case Or Controversy

Notwithstanding the fact that supplemental jurisdiction cannot provide an independent basis for federal jurisdiction, ePropelled also fails to establish that the Defamation Action is so closely related to the claims asserted in the Patent Action that supplemental jurisdiction would even be warranted if the claims were asserted in the same case (which they are not).  In analyzing the propriety of supplemental jurisdiction, courts consider whether the state and federal claims "arise under the same common nucleus of operative fact" and whether the state law claims are "so integrally related to the original action that they form part of the same case or controversy under Article III of the United States Constitution."  *Schaefer v. Yongjie Fu*, 322 F. Supp. 3d 207, 210 (D. Mass. 2018).  Such is not the case here.

The Defamation Action and Patent Action concern factual and legal issues that are entirely distinct.  The Patent Action claims infringement based on perceived similarities between ePropelled's patent and Exro's technology; and determination of the Patent Action will rely upon a factual and legal inquiry into ePropelled's patent and Exro's accused technology in light of the patent laws. (Notice, at Exhibit "C," ¶¶ 56-60).  The Defamation Action, on the other hand, is premised on a false statement ePropelled published, which created the impression that Exro ignored correspondence from ePropelled.  (*Id.* at Exhibit "A," ¶ 24.)  That the defamatory statement was in a press release that announced that ePropelled had filed the Patent Action is immaterial. The Defamation Action does not assert any claim that is dependent on—*or related in any way*—to the outcome of the Patent Action.  Nothing that could occur in the Patent Action could have any effect whatsoever on whether or not ePropelled defamed Exro.  In fact, the defamatory press release has no role in the Patent Action, and the Defamation Action does not warrant any consideration of any patent.  Where, as here, the outcome of the state and federal

6

claims do not influence one another—and, further, are asserted in separate and distinct lawsuits—they are not assumed to form the same case or controversy.  S*ee Huerth v. Anthem Ins. Companies Inc.*, 257 F. Supp. 3d 131, 144 (D. Mass. 2017) (finding that state law claims for violation of Mass. Gen. Laws 93A, conversion, negligence, and breach of contract did not form part of the same case or controversy the federal ERISA claim for the purposes of supplemental jurisdiction).[1]

Because the Defamation Action and Patent Action concern factual and legal issues that are entirely distinct, and, more importantly, are asserted in separate and distinct lawsuits (i.e., not in the same action), such claims do not satisfy the "same case or controversy" requirement for the exercise of supplemental jurisdiction.

## CONCLUSION

For the foregoing reasons, ePropelled has failed to assert a proper basis for removal.  Exro respectfully requests that this action be remanded to the Massachusetts Superior Court for Middlesex County where it was originally commenced.

Dated: March 21, 2022                                          COZEN O'CONNOR

*/s/ Wendy K. Venoit*
Wendy K. Venoit
101 Arch Street, 8th Floor
Boston, Massachusetts 02110
Tel.: (617) 849-5002
wvenoit@cozen.com

*Attorneys for Plaintiff, Exro Technologies, Inc.*

---

[1] Courts are weary of parties' attempts to shoehorn fully independent state court claims that share some facts with an existing federal action into federal court.  *Siegel v. Consolidated Edison*, 318 F. Supp. 2d 176, 179 (S.D.N.Y. 2004) (stating that "if [defendant's] argument for supplemental jurisdiction were to succeed, a vast array of cases, that would otherwise be state court cases, could be removed to federal court merely because they share a factual and legal basis with a case properly in federal court.").

## CERTIFICATE OF SERVICE

I, Wendy K. Venoit, hereby certify that on March 21, 2022, I caused to be served by U.S. mail, postage prepaid, a true and correct copy of the foregoing document upon counsel of record for each other party in this matter.

                                        */s/ Wendy K. Venoit*