**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|   |   |   |
|---|---|---|
| EXRO TECHNOLOGIES INC. | ) ) ) | C.A. No. 1:22-cv-10344-MPK |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| EPROPELLED INC. | ) ) | |
| Defendant. | ) ) | |

**EPROPELLED'S OPPOSITION TO
EXRO'S MOTION FOR REMAND**

I.      **INTRODUCTION**

Because ePropelled's federal patent infringement claim and Exro's state defamation and unfair competition claims arise from the same transaction or occurrence, Exro's remand motion is improper. Unfortunately, Exro has not been candid with the Court about the nature of its state law claims. Exro's defamation and unfair competition claims are based on a statement ePropelled made describing its series of communications providing written notice to Exro that Exro was infringing ePropelled's patents. Notice of Removal, Dkt. [001], ¶¶ 4, 10-16. Thus, Infringement-Plaintiff ePropelled's federal patent infringement claim and the statement Exro alleges is defamatory are intimately intertwined. Both claims arose from the same transaction or occurrence. Exro does not dispute that this series of pre-litigation communications occurred, but it conveniently fails to mention the first-filed patent infringement suit in its state court complaint. Exro's state court filing should be seen for what it is—an attempt to manipulate jurisdiction by opening a subsequent state court litigation *after* the federal infringement action was commenced, to try to improperly pressure ePropelled to drop its patent infringement suit.

Because the basis for Exro's defamation and unfair competition claims, one statement describing communications regarding patent infringement, arose from the same transaction or occurrence, Exro's state law claims are compulsory counterclaims in the federal patent infringement action. Fed. R. Civ. Pro. 13. Underscoring the intimate connection between the claims, the same statement Exro contends was defamatory—specifically, that Exro gave no substantial response to ePropelled's written infringement notice and infringement demand—parallels facts recited in ePropelled's original patent infringement Complaint, *ePropelled Inc. v. Exro Technologies Inc.*, Civil Action No. 1:22-cv-10090-MPK (D. Mass. Jan. 21, 2022) (Federal Action). Dkt. [001], ¶ 4.

Not only are they compulsory, Exro's defamation and unfair competition claims are now part of the same federal patent infringement action. On Monday, April 4, 2022, ePropelled filed its Second Amended Complaint, adding the defamation and unfair competition claims as declaratory judgment claims in the federal infringement action. This Court undeniably has original subject matter jurisdiction over ePropelled's patent infringement claim. It also has supplemental jurisdiction over Exro's defamation and unfair competition claims relating to ePropelled's notice to Exro of patent infringement. Regardless, whether Exro disputes that it is compulsory because it arises from the same transaction or occurrence, it is now expressly pled in the Federal Action. Exro will be required to plead in response to it in its federal answer.

Exro's tactical gambit to manipulate jurisdiction by filing subsequent state law claims is fatally flawed. Any claims based on these facts are compulsory in the Federal Action because they are now expressly part of the Federal Action. Permitting Exro to pursue a separate state action threatens to waste the parties' resources, threatens the possibility of inconsistent judgments, and would force two separate counts to address the same claim, wasting substantial judicial resources. For these reasons, ePropelled requests that the Court deny Exro's motion to remand.

## II.     FACTUAL BACKGROUND

The critical facts in this remand motion are undisputed. In October 2021, ePropelled contacted Exro and notified Exro in writing of the infringement. Dkt. [001], ¶11. ePropelled specifically identified ePropelled's '103 patent. In the same October 7, 2021 letter, ePropelled asked Exro to explain how Exro's accused Coil Driver™ technology did not infringe ePropelled's '103 patent. *Id*. On October 15, 2021, Exro acknowledged receipt of ePropelled's October 7, 2021, demand letter but provided no substantive response. *Id.*

It is undisputed that Exro never provided ePropelled a substantive response to ePropelled's infringement demand, whether in response to the October 7 letter or at any time prior to ePropelled's filing the federal patent infringement. The parties exchanged letters on November 4 and November 8, ePropelled again demanding and Exro again failing to provide any "substantive response." Dkt. [001], ¶12. ePropelled wrote to Exro again on November 8, 2021, again demanding a substantive response. *Id.*, ¶13. None was provided. Finally, having received no response since October 7, 2021, ePropelled filed the Federal Action on January 21, 2022. In the patent infringement complaint, ePropelled filed its infringement demand. Dkt [001], ¶ 14. On January 24, 2022, ePropelled issued a Press Release announcing the filing of its federal patent infringement lawsuit against Exro, noting that Exro had failed to respond to ePropelled's infringement notice. *Id.*, ¶ 15 (citing *id.*, Exhibit A). Exro filed its state defamation action on February 15, 2022, almost a month after the federal infringement action was filed. Dkt. [007], p. 2. On February 18, 2022, ePropelled amended its complaint to state that ePropelled received no substantive response to its infringement demand. Federal Action, Dkt [006], ¶ 52. None of these facts are disputed.

**III.   ARGUMENT**

    **A.   Exro Avoids the Express Provisions of the Removal Statute, Fails to Credit Compelling Precedent, and Mischaracterizes the Applicable Law**

Exro acknowledges that its motion to remand is based exclusively on 28 U.S.C.§ 1441(b)(2). Dkt. [007], p. 3. Accusing ePropelled of ignoring the clear restrictions of Section 1441(b)(2), Exro invokes "The Forum Defendant Rule." Exro's explication of this Forum Defendant Rule, however, fails to comply with the requirements of Section 1441(b)(2). Rather than citing the applicable statute, applying precedent applying it, and explaining how Exro's motion somehow satisfies its requirements, Exro ignores the express requirement that

jurisdiction be based *solely* on diversity of citizenship. In this case, it is not. It is based on federal subject matter jurisdiction and Exro's state defamation and unfair competition claims, arising from the same transaction or occurrence and now being pled expressly as further causes of action, is within the supplemental jurisdiction of this federal Court.

Exro misdirects the issue to whether ePropelled resides in the Commonwealth of Massachusetts. It does. Yet contrary to Exro's argument, ePropelled has made no admission that Section 1442(b)(2) bars removal. Dkt. [007], p. 3. Exro cites no support for this mistaken contention. Nor is there any. The undisputed fact that ePropelled is a Massachusetts "resident" fails to resolve the requirements of Section 1442(b)(2).

Rather, the presence of a single claim in an action over which a federal court has original jurisdiction renders a state claim removable in its entirety. Exro relies on *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 564 (2005), contending that, only upon satisfaction of original jurisdiction may supplemental jurisdiction over non-federal claims in that same action be considered. This is precisely the case here. Rather than supporting Exro, *Exxon Mobil* compels that Exro's motion to remand be denied.

Further, many of the critical facts are ignored by Exro in its remand motion. Specifically, Exro assiduously ignores that the alleged defamatory statement that forms the basis for the state law claims arose directly from the parties' exchanges over ePropelled's written notice of the infringement. Exro apparently justified this misdirection by claiming resolution of the federal patent infringement claim will not resolve the state claims. They need not. The state claims need not be the same as the federal claim. They must only arise from the same transaction or occurrence or series of occurrences. Nonetheless, resolution of the federal infringement claim will have a substantial impact on the state law claims. The fact that Exro continued to infringe

despite written notice of the infringement—never providing a substantive response to ePropelled's infringement demand—goes to the willfulness of Exro's infringement and will be tried in the federal patent infringement suit.

Exro also ignores that this Court, in the patent infringement case over which it has original jurisdiction, also has supplemental jurisdiction for two reasons. First, Exro's state law claims are compulsory counterclaims in the federal patent infringement action. Second, ePropelled has now filed a Second Amended Complaint, pleading causes of action for declaratory judgment in the federal patent infringement case, bringing Exro's state law claims within the supplemental jurisdiction of the federal district court under *Exxon Mobil*. Thus, for both these reasons, Exro cannot satisfy the requirements of Section 1441(b)(2).

**B.   Exro's State Law Claims Are Compulsory Counterclaims in the Federal Patent Infringement Action**

Jurisdiction over a compulsory counterclaim is ancillary to the original jurisdiction of the district court. "[A]s to the original parties, no independent jurisdictional basis for the counterclaim need be shown." *United Artists Corp. v. Masterpiece Productions*, 221 F.2d 213, 216 (2d. Cir. 1955). "[T]he forum-defendant rule applies only to cases removed under diversity jurisdiction." *In re Lipitor (Atorvastatin Calcium) Marketing*, 2016 WL 7644792 at *6 (D.S.C. Nov. 28, 2016) (quoting *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1248 (D.N.M. 2014)). Supplemental jurisdiction exists in this case, and thus the Forum Defendant Rule does not apply.

In *Exxon Mobil*, the court held "the presence of additional claims over which the district court lacks jurisdiction does not mean the civil action is outside the purview of [28 U.S.C. § 1367(a)].") "The district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *see also* 28 U.S.C. § 1441(c). Contrary to

Exro's contentions, Dkt. [007], pp. 6-7, Exro's state defamation and unfair competition claims are part of the same case or controversy because they arose from the same transaction or occurrence and must be plead in the federal patent infringement action as compulsory counterclaims.

It is undisputed that this Court has original jurisdiction over ePropelled's federal patent infringement action. Exro's state defamation and unfair competition claims arise out of the same transaction or occurrence. It is based expressly on Exro's response, or lack thereof, to ePropelled's patent infringement demand. These facts will be tried as part of ePropelled's federal patent infringement claim, specifically, that Exro infringed willfully, failed to respond substantively to ePropelled's infringement demands, and continues to infringe after having been notified of the infringement.

Rule 13 provides, in pertinent part:

> (a) Compulsory Counterclaim.
>  (1) *In General*. A pleading must state as a counterclaim any claim that – at the time of its service—the pleader has against an opposing party if the claim:
>  (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>  (B) does not require adding another party over whom the court cannot acquire jurisdiction.
>  (2) *Exceptions*. The pleader need not state at the claim if:
>  (A) when the action was commenced, the claim was the subject of another pending action; or
>  (B) the opposing party sued on its claim by . . . process that did not establish personal jurisdiction over the pleader on that claim, and the pleader does not assert any counterclaim under this rule.

Fed. R. Civ. Pro. 13(a). Exro's state law claims satisfy each of the requirements for being compulsory counterclaims in the federal patent infringement action, and fail to qualify for any of the exceptions.

Exro's state law claims are compulsory because of the following reasons. First, Exro has not yet filed its answer in the federal patent infringement action. It has already articulated that it is asserting state defamation and unfair competition claims. Thus, at the time that Exro files its answer, it ***must*** state as counterclaims its state defamation and unfair competition claims that it will have at the time of service of its answer. Exro's claims arise out of the same transaction or occurrence that are the subject of the federal patent infringement claim, namely, the parties' exchanges when ePropelled gave Exro notice of the infringement claim. Further, Exro's state defamation and unfair competition claims do not require the presence of any party over whom the court does not already have jurisdiction. Thus, Exro's state defamation and unfair competition claims are compulsory counterclaims in the federal patent infringement action over which this Court has original subject matter jurisdiction.

Nor does Exro's state defamation and unfair competition claims qualify for any of the exceptions to Rule 13. At the time the federal patent infringement action was commenced, Exro's defamation and unfair competition claims were not the subject of another pending action. Rather, the basis for Exro's state defamation and unfair competition claims had not yet occurred. It was not and could not have been filed as another action until after January 24, 2022, well after the federal infringement action was commenced. Nor was the federal infringement claim brought based on process that failed to establish personal jurisdiction over Exro. Thus, all of the requirements of Rule 13 are met and none of the exceptions of Rule 13 apply. Exro's state defamation and unfair competition claims are ancillary to the federal patent infringement claim over which this Court has original jurisdiction. Thus, this Court has ancillary jurisdiction over Exro's state defamation and unfair competition claims, which Exro ***must*** plead as compulsory counterclaims in the federal patent infringement action.

The federal district court has supplemental jurisdiction over state claims that are part of the same controversy as a federal claim and may retain the state claims if they are removed to federal court along with the federal claim. Congress's "statutory grant of 'related to' jurisdiction is quite broad." *Boston Reg'l Med. Ctr., Inc. v. Reynolds*, 410 F.3d 100, 105 (1st Cir. 2005). This Court has previously found "related" claims sufficient to confer jurisdiction, even when diversity jurisdiction was not considered. *Haber v. Massey*, 904 F.Supp.2d 136, 144-45 (D. Mass. 2012). The Court must "examine the [allegedly defamatory] statement in its totality in the context in which it was uttered or published." *Myers v. Boston Magazine Co.*, 380 Mass. 336, 341 (1980). This includes the context of ePropelled's federal patent infringement action in connection with which the statement was made. Exro's state defamation and unfair competition claims are intimately related to the Federal Action, and they should be considered together by this Court.

Exro contends this Court has no original jurisdiction over any claim in the state action. See Dkt. [007], pp. 4-5. Yet, despite being informed by counsel for ePropelled that its state defamation and unfair competition claims are compulsory in the federal infringement action, Exro ignores this fact in its brief. Rather, Exro relies on cases in which the district court either had no basis for original jurisdiction at all or had no basis other than diversity. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 31 ("the All Writs Act authorizes writs in aid of the courts' respective jurisdictions without providing any federal subject-matter jurisdiction in its own right" (cleaned up)); *Rainey v. Board of Educ. of Rich Tp. High School Dist. 227*, 2011 WL 741039 at *1 (N.D.Ill. Feb. 24, 2011) (solely on the basis of § 1367).

Exro's contentions are refuted by prevailing authority. *See Exxon*, 545 U.S. at 546, 552 (citing *Mine Workers v. Gibbs*, 383 U.S. 715 (1966)) (stating, "[a]lthough district courts may not exercise jurisdiction absent a statutory basis, once a court has original jurisdiction over some

9

claims in an action, it may exercise supplemental jurisdiction over *additional claims* arising from the same case or controversy" (emphasis added)). Thus, Exro's state defamation and unfair competition claims are within this Court's jurisdiction because they are compulsory counterclaims in the federal patent infringement action over which this Court has original jurisdiction based on federal question and not solely on diversity under §1332(a).

    **C.    In Addition to Being Compulsory, Exro's State Defamation and Unfair Competition Claims are Now Pled Expressly and Must be Answered in the Federal Infringement Action**

Regardless of the existence and efficacy of supplemental jurisdiction—the compulsory nature of Exro's state defamation and unfair competition claims ensuring they are both—ePropelled has filed a Second Amended Complaint including declaratory judgment actions of no liability under Exro's state defamation and unfair competition claims. Thus, Exro's state defamation and unfair competition claims have now been joined in the Federal Action, in which the federal district court has original subject matter jurisdiction on a basis other than diversity under § 1332(a). In addition to being compulsory counterclaims, Exro will be required to plead in response to ePropelled's declaratory judgment claims in the federal infringement action.

Judicial economy counsels strongly against remanding Exro's defamation and unfair competition claims, which are based solely on one statement relating to the patent infringement action. Remand would unnecessarily increase the parties' burden and expense. Both the state and federal courts would be required to resolve factual issues arising from the same transaction or occurrence, wasting valuable resources, and creating an opportunity for inconsistent results. More important, remand would waste judicial resources as both courts deal with issues arising from the same transaction or occurrence.

"[A] federal court should consider and weigh in each case, at every stage of the litigation the values of judicial economy, convenience, fairness, and comity in order to decide whether to

exercise jurisdiction over a case brought in that court involving pendent state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Exro's motion for remand fails to meet the requirements for remand and offends these values. In the interest of judicial economy, convenience, fairness, and comity, ePropelled requests that Exro's motion for remand be denied.

## V.   CONCLUSION

ePropelled's federal patent infringement claim and Exro's state defamation and unfair competition claims arose from the same transaction or occurrence, namely, ePropelled's infringement demand to Exro and Exro's failure to substantively respond to it, resulting in the filing of the Federal Action. The same facts allegedly supporting Exro's state law claims will be tried in the federal patent infringement case as a basis for Exro's willful infringement. As they arose from the same transaction or occurrence, they constitute part of the same case or controversy. This Article III Court has ancillary, supplemental jurisdiction over Exro's state defamation and unfair competition claims in the federal patent infringement case. Exro must plead its claims as compulsory counterclaims in the federal patent infringement action. Further, ePropelled's Second Amended Complaint expressly pleads declaratory judgment of no liability under Exro's state claims. Judicial economy, convenience, and principles of comity all compel that Exro's motion for remand be denied.

Dated: April 4, 2022						Respectfully submitted,

/s/ Linda J. Thayer
Linda J. Thayer (Bar No. 674,447)
Cory Bell (Bar No. 705,214)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Two Seaport Lane
Boston, MA 02210-2001
(617) 646-1600 (phone)
(617) 646-1666 (fax)
linda.thayer@finnegan.com
cory.bell@finnegan.com

*Counsel for Plaintiff, ePropelled, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, April 4, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, copies of which will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                              /s/ Linda J. Thayer
                                              Linda J. Thayer (Bar No. 674,447)