

April 6, 2022

**Wendy K. Venoit**
Direct Phone   617-849-5002
Direct Fax      857-488-4871
wvenoit@cozen.com

**VIA ECF**

Magistrate Judge M. Page Kelley
United States District Court
for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:   *Exro Technologies Inc. v. ePropelled Inc.*, Case No. 1:22-cv-10344-MPK
       Consented-to Request For Leave To File A Reply Brief Pursuant to L.R. 7.1(b)(3)

Dear Judge Kelley:

I am counsel to plaintiff Exro Technologies, Inc. ("Exro" or "Plaintiff") in the above-referenced matter, and write pursuant to L.R. 7.1(b)(3) to respectfully request leave to file a very brief Reply (no more than five pages) in further support of Exro's Motion to Remand this action to state court (Dkt. No. 6). The proposed Reply will address only (i) new arguments raised by Defendant in its Opposition to Remand, as well as (ii) yesterday's ruling by this Court (received by the parties last evening) that has direct bearing on the Court's consideration of the motion.

As is clear from Exro's original motion papers, there are no grounds for federal jurisdiction in this matter, which involves state law defamation claims. However, in a transparent attempt to manufacture federal jurisdiction over the defamation claims, ePropelled, Inc. filed a purported Second Amended Complaint (without leave of Court) in a different case pending before this Court (Case No. 1:22-cv-10090-MPK, the "patent infringement action"), in which it attempts to assert Exro's state law defamation claims as "declaratory judgment" causes of action. In other words, in that new pleading, ePropelled attempted to insert the defamation claims into the patent infringement action by way of an amended pleading. Last evening, the Court rejected that second amended complaint as improper and without legal effect because it had been filed without leave of court and without the consent of Exro. As such, ePropelled's unauthorized Second Amended Complaint should not be considered (let alone be dispositive to) the Court's consideration of Exro's pending Motion to Remand here.

A five page reply brief would allow Exro to fully address ePropelled's improper attempt to create the appearance of federal jurisdiction where none exists. Clarification of the law is essential because original jurisdiction is essential for this Court to hear the claims that were removed from state court.

ePropelled will not be prejudiced by the filing of a reply, and, given that ePropelled has changed position by raising new alleged bases for federal jurisdiction not asserted in its petition for removal, and given its failed attempt to insert the state-law based claims into the patent infringement action, permitting Exro to file a brief Reply in response would best serve the interests of justice and equity.

Magistrate Judge M. Page Kelley
April 6, 2022
Page 2

_____

Exro appreciates Your Honor's attention to this matter. I am available to discuss the contents of this letter and Exro's request at the Court's convenience.

**LR 7.1(a)(2) Certification**:  Exro has conferred with opposing counsel regarding this request pursuant to Local Rule 7.1(a)(2), and opposing counsel does not object to Exro's application for leave of court to file a reply. Opposing counsel is copied on this submission and will receive this submission contemporaneously with the submission to the Court.

Sincerely,

COZEN O'CONNOR

*/s/ Wendy Venoit*

By:   Wendy K. Venoit



Cc:   Linda J. Thayer
      Finnegan, Henderson, Farabow, Garrett
      & Dunner, LLP
      Two Seaport Lane, 6th Floor
      Boston, Massachusetts  02210-2011