IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EXRO TECHNOLOGIES, INC., | C.A. No. 1:22-cv-10344 MPK |
| *Plaintiff*, | |
| v. | |
| EPROPELLED, INC., | |
| *Defendant*. | |

**REPLY MEMORANDUM OF LAW OF PLAINTIFF EXRO TECHNOLOGIES, INC. IN FURTHER SUPPORT OF ITS MOTION FOR REMAND TO THE MASSACHUSETTS SUPERIOR COURT**

Plaintiff Exro Technologies, Inc. ("Exro") respectfully submits this reply in further support of its request that this Court remand this defamation action to the Massachusetts Superior Court where Plaintiff originally instituted this action against defendant, ePropelled, Inc. ("ePropelled").

ePropelled's Opposition fails to demonstrate the existence of statutory authority for removal to this Court—a prerequisite to removal from state court. ePropelled is limited to the grounds for removal it put forward in its notice of removal. *See, e.g.*, *Haber v. Massey*, 904 F. Supp. 2d 136, 141 (D. Mass. 2012) (courts will not allow a defendant to amend a notice of removal to add a new ground for removal after expiration of the 30 day removal time period).[1] But neither of its two stated grounds of removal are viable, and ePropelled's arguments to the contrary are circular and without legal support. *First,* ePropelled relies on the diversity jurisdiction removal

---

[1] ePropelled's reliance on this case for its argument that supplemental jurisdiction can be grounds for jurisdiction in federal court is unavailing. *Haber* dealt with the original jurisdiction created by "related to" bankruptcy jurisdiction—a unique source of original jurisdiction in the bankruptcy context that is completely inapplicable here.

statute, 28 U.S.C. § 1441(b), but ignores that by the statute's own terms, that ground for removal is unavailable where "any of the … defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (the "forum defendant rule").  Second, ePropelled tries to avoid the "forum defendant rule"—a clear statutory bar to removal based on diversity jurisdiction by a Massachusetts defendant—by arguing that here, jurisdiction is not based solely on diversity of citizenship, but also on alleged "supplemental" jurisdiction to the extent the defamation claims are alleged to arise from the same transaction or occurrence as claims in the unrelated patent litigation. Setting aside that ePropelled does not satisfy the standard for supplemental jurisdiction, ePropelled entirely ignores clear case law stating that supplemental jurisdiction ***cannot*** support removal to federal court.  In other words, diversity jurisdiction asserted by a home state defendant *plus* a nonviable source of removal are not sufficient—standing alone *or* together—to support removal to federal court.

Unable to sustain its original grounds for removal to this Court, ePropelled decided to engage in a transparent attempt to manufacture federal jurisdiction over Exro's defamation claim *after* Exro moved for remand.  Specifically, on April 4, 2022 (the same day it filed its opposition to the motion to remand), ePropelled filed a purported Second Amended Complaint in the unrelated patent litigation, and included in that pleading a declaratory judgment claim asking the Court to declare that it did not defame Exro.  In other words, ePropelled sought to insert the defamation causes of action into that separate action in a transparent attempt to create identity of issues between the two actions where there otherwise was none.  This type of procedural gamesmanship—intended to keep Exro's state law-based defamation claim in federal court—is improper for many reasons, including that it deprives Exro of the opportunity to have its defamation claim heard in the forum of its choosing (and where it was first filed), and that it is not

one of the grounds for removal on which ePropelled relied in its notice of removal. In any event, ePropelled's attempted gamesmanship hit a procedural snag. This Court *sua sponte* rejected ePropelled's purported Second Amended Complaint as improper and without legal effect because it had been filed without leave of court and without the consent of Exro. As such, ePropelled's unauthorized Second Amended Complaint (and its improper declaratory judgment claims) are inoperative, and should not be considered (let alone be dispositive of) the Court's consideration of Exro's request to remand this case. In other words, ePropelled's attempted Second Amended Complaint cannot and does not create supplemental jurisdiction or identity of issues because it is void and without legal effect.

ePropelled makes another new and equally unavailing argument that federal jurisdiction over the defamation claim is proper because it is a "compulsory counterclaim" to the patent action. This new argument was absent from ePropelled's original notice of removal. Besides being untimely, ePropelled's argument that the defamation claim must be raised as a counterclaim by Exro is further undermined by the fact that ePropelled itself tried to raise the defamation claim affirmatively in its own declaratory judgment claim in the filed (but now void) Second Amended Complaint. Moreover, for the reasons Exro set forth in its opening brief, the defamation and patent claims simply do not arise out of the same transaction or occurrence. While the defamatory statement was made in the context of ePropelled filing its patent lawsuit, the merits of the defamation claim have absolutely nothing to do with the merits of the patent claims and one case will not be dispositive of the other. And it is telling that ePropelled offers no case law support for the novel proposition that ePropelled—as a state court defendant—may remove a case to federal court on the grounds that the state court *plaintiff* is required to raise that state law claim as a compulsory counterclaim in federal court. To the contrary, as Exro argued in its opening brief,

courts have outright rejected attempts such as ePropelled's to shoehorn fully independent state court claims that share some facts with an existing federal action into federal court—and have not invoked the concept of compulsory counterclaims in this context.  *See, e.g.*, *Siegel v. Consolidated Edison*, 318 F. Supp. 2d 176, 179 (S.D.N.Y. 2004) (stating that "if [defendant's] argument for supplemental jurisdiction were to succeed, a vast array of cases, that would otherwise be state court cases, could be removed to federal court merely because they share a factual and legal basis with a case properly in federal court.").

Finally, ePropelled's resort to arguments of judicial economy and efficiency are irrelevant.  There is no "judicial economy and efficiency" exception to the forum defendant rule.  Rather, 28 U.S.C. § 1441(b), precludes ePropelled from removing Exro's civil action as a matter of law.

## **CONCLUSION**

For the foregoing reasons, ePropelled has failed to assert a proper basis for removal.  Exro respectfully requests that this action be remanded to the Massachusetts Superior Court for Middlesex County where it was originally commenced.

Dated: April 7, 2022                              COZEN O'CONNOR

*/s/ Wendy K. Venoit*
Wendy K. Venoit
101 Arch Street, 8th Floor
Boston, Massachusetts 02110
Tel.: (617) 849-5002
wvenoit@cozen.com

*Attorneys for Plaintiff, Exro Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

I, Wendy K. Venoit, hereby certify that on April 7, 2022, I caused to be served by U.S. mail, postage prepaid, a true and correct copy of the foregoing document upon counsel of record for each other party in this matter.

                                               */s/ Wendy K. Venoit*