UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EXRO TECHNOLOGIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 22-10344-LTS |
| EPROPELLED, INC., | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON MOTION TO REMAND (DOC. NO. 6)

April 27, 2022

SOROKIN, J.

I.  BACKGROUND

ePropelled, Inc. ("ePropelled") filed a patent infringement action against Exro Technologies, Inc. ("Exro") on January 21, 2022.  See ePropelled Inc., v. Exro Technologies, Inc., Case No. 1:22-cv-10090-LTS (D. Mass. filed Jan. 21, 2022).  The Court has federal question jurisdiction over ePropelled's claims.  Three days later, ePropelled issued a press release stating, inter alia, "[a]fter [ePropelled] proactively reach[ed] out to Exro Technologies Inc. to discuss the [infringement] issue with no response, the company took legal action."  Doc. No. 1-1 ¶ 24.[1]  Exro took exception to this statement in ePropelled's press release because, on November 4, it had responded to ePropelled's letter regarding its claims of infringement.  Id. ¶ 17.  In response to this press release, Exro filed a lawsuit in Massachusetts Superior Court against ePropelled, bringing state law claims for defamation and violation of M.G.L. Chapter

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

93A. Id. ¶¶ 34-47.  ePropelled promptly removed the action to federal court asserting two grounds for removal: (1) diversity jurisdiction and (2) supplemental jurisdiction.  Doc. No. 1 at 4-5.  Exro now moves to remand its claims to state court, asserting that ePropelled has failed to establish sufficient grounds for removal.  See Doc. No. 6.  For the reasons that follow, Exro's Motion to Remand is ALLOWED.

II.     DISCUSSION

The relevant text of the removal statute provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a).  The parties are diverse.  Even assuming for present purposes that the amount in controversy exceeds the jurisdictional threshold, removal is not permitted in this case.

Pursuant to the so-called "forum defendant" rule, section 1441(b)(2) prohibits removal based on diversity jurisdiction when the defendant is at home in the forum state.  See 28 U.S.C.A. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); Rizzi v. 178 Lowell Street Operating Co., LLC, 180 F. Supp.3d 66, 67-68 (D. Mass. 2016).  ePropelled is that citizen.  There is no doubt that ePropelled is a citizen of Massachusetts.  In its notice of removal, ePropelled states that its principal base of business is located in Lowell, Massachusetts.  Doc. No. 1 ¶ 18(a).  A corporation is at home in both its state of incorporation (here, Delaware) and its principal place of business.  Celli v. Greenwich Ins. Co., 478 F. Supp. 3d 93, 95-96 (D. Mass. 2020).  Thus, the statute does not authorize removal based upon diversity

jurisdiction.  Of course, federal question jurisdiction is unavailable because Exro's complaint advances only state law claims.

The second ground for removal cited in ePropelled's notice is supplemental jurisdiction.  Doc. No. 1 at 4-5.  Congress did not authorize removal based upon supplemental jurisdiction.  28 U.S.C.A. § 1441; In re Pharm. Indus. Average Wholesale Price, 509 F. Supp. 2d 82, 93 (D. Mass. 2007) ("[S]upplemental jurisdiction is not a basis for removal.").  Whether or not this Court could exercise supplemental jurisdiction over Exro's state law claims had they been asserted as counterclaims in the patent action over which the Court possesses original jurisdiction (i.e., the infringement suit initiated by ePropelled), supplemental jurisdiction does not provide an independent basis for removing Exro's separate state law claims.  Id.

For the first time, ePropelled asserts in its opposition that Exro's state law claims are compulsory counterclaims to ePropelled's pending patent infringement lawsuit.  This ground for removal was not set forth in ePropelled's notice, which proves fatal to this argument.  Lopez-Munoz v. Triple-S Salud, Inc., 754 F.3d 1, 4 (1st Cir. 2014) (citing Ervast v. Flexible Prod. Co., 346 F.3d 1007, 1012 n.4 (11th Cir. 2003) ("[W]e decline the invitation to exercise jurisdiction on that basis because [defendant] had the burden to plead this basis in its notice of removal, and it did not.")).  In any event, the argument is without merit.  No language in the statute authorizes removal on this basis.  See 28 U.S.C.A. § 1441.  In addition, ePropelled has cited no authority for the proposition that it may remove Exro's claims to federal court solely on the ground that they are compulsory counterclaims to ePropelled's separate lawsuit in federal court.

Next, ePropelled points out that simultaneously with filing the opposition to the present Motion, it filed an Amended Complaint advancing two declaratory judgment claims that parallel the two substantive claims in Exro's state law complaint.  See ePropelled Inc., v. Exro

Technologies, Inc., Case No. 1:22-cv-10090-LTS, Doc. No. 12 (D. Mass. filed Jan. 21, 2022). According to ePropelled, Exro's state law claims "are now pled expressly and must be answered in the federal infringement action."  Doc. No. 9 at 10-11.  ePropelled cites no authority to support its position.  Of course, this argument was not raised in ePropelled's Notice of Removal and is thus waived.  Moreover, the Court subsequently rejected ePropelled's Amended Complaint as improperly filed and therefore the premise of this argument no longer exists. ePropelled Inc., v. Exro Technologies, Inc., Case No. 1:22-cv-10090-LTS, Doc. No. 13 (D. Mass. filed Jan. 21, 2022).  The question of whether Exro's claims are compulsory counterclaims to ePropelled's suit (if it can be amended) is not yet ripe.

Finally, ePropelled complains that its dispute with Exro would be more efficiently resolved if all the claims fell within one action.  Perhaps, but Congress made a clear and express decision, one that this Court must enforce, to bar defendants who are citizens of the state in which the original case was filed from removing actions to federal court based on diversity jurisdiction.  ePropelled's attempt to remove this case falls squarely within the forum defendant rule.  Accordingly, the Motion to Remand, Doc. No. 6, is ALLOWED.  The case is REMANDED to the Middlesex County Superior Court.  The Clerk shall close the case.

                                              SO ORDERED.

                                       /s/ Leo T. Sorokin
                                      Leo T. Sorokin
                                      United States District Judge